IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-361-D

| | | |
|---|---|---|
| MELVIN COLON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BIMBO FOODS BAKERIES | ) | |
| DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On June 26, 2014, Bimbo Foods Bakeries Distribution, Inc. ("BFBD"), filed a motion to dismiss plaintiffs' complaint [D.E. 6] and a supporting memorandum [D.E. 7]. See Fed. R. Civ. P. 12(b)(6). On July 28, 2014, plaintiffs responded in opposition [D.E. 15]. On August 7, 2014, BFBD replied [D.E. 19]. On October 31, 2014, the court heard oral argument.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Vitol S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court need not accept a complaint's conclusions of law. See Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement,"

cannot "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotation omitted); see Vitol S.A., 708 F.3d at 543. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. A plaintiff armed with nothing more than "labels and conclusions" or a formulaic recitation of the elements of a cause of action cannot proceed. Twombly, 550 U.S. at 555 & n.3; Vitol S.A., 708 F.3d at 543; Francis, 588 F.3d at 193.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, in considering a motion to dismiss, a court focuses on the complaint. The court also may consider may consider documents attached to the complaint so long as documents attached to the complaint "are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

Under North Carolina law, a party alleging breach of contract must prove the existence of a valid contract and breach of the terms of the contract. See McLamb v. T.P. Inc., 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005), disc. rev. denied, 360 N.C. 290, 627 S.E.2d 621 (2006); Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000); Jackson v. Carolina Hardwood Co., 120 N.C. App. 870, 871, 463 S.E.2d 571, 572 (1995). To be actionable, the breach must be material. See Long v. Long, 160 N.C. App. 664, 668, 588 S.E.2d 1, 4 (2003). A material breach "substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform." Id. at 668, 588 S.E.2d at 4. As explained in open court, plaintiffs have failed to plausibly allege a breach of contract.

2

As for plaintiffs' claim of breach of fiduciary duty, plaintiffs have failed to plausibly allege a fiduciary duty between BFBD and any of the plaintiffs. See, e.g., Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347–48 (4th Cir. 1998); Caper Corp. v. Wells Fargo Bank, N.A., No. 7:12-CV-357-D, 2013 WL 4504450, at *8 (E.D.N.C. Aug. 22, 2013) (unpublished), aff'd, No. 13-2152, 2014 WL 3511928 (4th Cir. 2014) (per curiam) (unpublished); Dalton v. Camp, 353 N.C. 647, 651, 548 S.E.2d 704, 707–08 (2001); HAJMM Co. v. House of Raeford Farms, Inc., 328 N.C. 578, 588, 403 S.E.2d 483, 489 (1991); Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A., 730 S.E.2d 763, 767 (N.C. Ct. App. 2012); Strickland v. Lawrence, 176 N.C. App. 656, 662–63, 627 S.E.2d 301, 305–06 (2006); Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 60–61, 418 S.E.2d 694, 699 (1992); Tin Originals, Inc. v. Colonial Tin Works, Inc., 98 N.C. App. 663, 666, 391 S.E.2d 831, 833 (1990); Stone v. McClam, 42 N.C. App. 393, 400–01, 257 S.E.2d 78, 83 (1979). Thus, plaintiffs have failed to state a claim for breach of fiduciary duty. Alternatively, the economic loss rule defeats plaintiffs' breach of fiduciary duty claim. See, e.g., Kelly v. Georgia Pac. LLC, 671 F. Supp.2d 785, 791–92 (E.D.N.C. 2009); Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 362 (W.D.N.C. 1997); N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 328 S.E.2d 274 (1985); Land v. Tall House Bldg. Co., 165 N.C. App. 880, 882–85, 602 S.E.2d 1, 3–4 (2004); Moore v. Coachmen Indus., Inc., 129 N.C. App. 389, 401–02, 499 S.E.2d 772, 780 (1998); Warfield v. Hicks, 91 N.C. App. 1, 9–10, 370 S.E.2d 689, 694 (1988).

Finally, plaintiffs have failed to state a claim for injunctive relief. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir.

3

2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); accord A.E.P. Indus., Inc., v. McClure, 308 N.C. 393, 406, 302 S.E.2d 754, 762 (1983).

In sum, for the reasons stated in open court and incorporated herein by reference, the court GRANTS defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted [D.E. 6].

SO ORDERED. This 31 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge